IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 05-080-MA |
| | CV 02-439-MA |
| Plaintiff-Respondent, | OPINION AND ORDER |
| v. | |
| THOMAS CHRISTOPHER RISNER, | |
| Defendant-Petitioner. | |

KARIN J. IMMERGUT
United States Attorney
THOMAS H. EDMONDS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1000

    Attorneys for Plaintiff-Respondent

THOMAS K. RISNER
#66793065
FCI SHERIDAN
P.O. Box 5000
Sheridan, OR 97378

    Defendant-Petitioner Pro Se

MARSH, Judge.

1 - OPINION AND ORDER

The matters before the court are defendant's petition for writ of habeas corpus (#40) and plaintiff's motion to dismiss (#42).

This is defendant's second petition for a writ of habeas corpus in which he seeks an order from the court vacating his sentence pursuant to 28 U.S.C. § 2255. In his first petition, defendant argued the court improperly enhanced his sentence, relying entirely on the then recent Supreme Court decision in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). On November 3, 2004, this court denied defendant's first petition on the grounds that (1) in his plea agreement with the government, defendant waived his right to assert a collateral challenge to his sentence, and (2) defendant's motion was untimely, having been filed more than one year after his judgment of conviction became final.[1]

Defendant's second petition relies solely on the latest Supreme Court decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), in which the Court held its decision in <u>Blakely</u> applied to United States Sentencing Guidelines.

Plaintiff moves to dismiss the petition because defendant

---

[1] In deciding that defendant's motion was untimely, the court rejected the argument that <u>Blakely</u> should be applied retroactively to cases on collateral review. Accordingly, defendant's late filing could not be excused on the ground that <u>Blakely</u> recognized a new right made retroactive to cases on collateral review.

2 - OPINION AND ORDER

failed to obtain permission from the Ninth Circuit to file a second or successive petition.

Under 28 U.S.C. § 2244, this court may dismiss a second petition under § 2255 unless the defendant obtains a certification allowing the petition from the Ninth Circuit. 28 U.S.C. § 2244(a) and § 2255. Defendant has not obtained such a certification. In any event, even if the court were to consider defendant's petition, the outcome would be the same as the first petition because Booker does not apply retroactively to cases on collateral review, nor is it applicable when a defendant has waived his right to assert a collateral challenge to his sentence. Accordingly, the court exercises its discretion under 28 U.S.C. § 2244(a) to deny defendant's petition and grant plaintiff's motion to dismiss.

## CONCLUSION

Based on the foregoing, the court DENIES defendant's petition for writ of habeas corpus (#40) and GRANTS plaintiff's motion to dismiss (#42).

IT IS SO ORDERED

DATED this 3rd day of May, 2005.

/s/ Malcolm F. Marsh
Malcolm F. Marsh
United States District Judge